**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ERIC WILLIAM GIANNINI,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    **Case No. 26-CV-0312-CVE-JFJ** |
| | ) |
| **U.S. GOVERNMENT,** | ) |
| **DEPARTMENT OF JUSTICE, and** | ) |
| **FEDERAL BUREAU OF INVESTIGATIONS,** | ) |
| | ) |
| **Defendants.** | ) |

<u>**OPINION AND ORDER**</u>

Now before the court is a complaint (Dkt. # 1) and motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (Dkt. # 2), filed by plaintiff Eric William Giannini, proceeding <u>pro</u> <u>se</u>. Having reviewed plaintiff's filings, the Court finds plaintiff's motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is deficient. The Court also finds that plaintiff fails to state a claim upon which relief may be granted and therefore denies plaintiff's application. The Court has also reviewed plaintiff's complaint and finds that plaintiff has failed to show that the Court has subject-matter jurisdiction over his claims. As the Court must dismiss a case once it determines that it lacks jurisdiction, the Court dismisses plaintiff's complaint.

Under 28 U.S.C. § 1914, the clerk of each district court of the United States must "require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350," in addition to any applicable miscellaneous fees set forth in that section. A district court has the discretion to authorize commencement of a suit without prepayment of filing fees, so long as the applicant "submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." <u>Id.</u> § 1915(a)(1); <u>see</u> <u>also</u> <u>Lister v. Dep't of Treasury</u>, 408 F.3d 1309, 1312 (10th

Cir. 2005) (citing Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004), for

the proposition that the phrase "prisoner possesses" in § 1915(a)(1) refers to all persons applying for

leave to proceed in forma pauperis).  In this Court, Local Rule 3-2(a) sets forth the requirements for

that affidavit: "An applicant who seeks leave to proceed without prepayment of the filing fees must

file a motion to proceed in forma pauperis on the court approved form . . . available on the Court's

website."  If a court determines that the allegation of poverty contained in the affidavit is untrue, the

action is frivolous or malicious, or the action fails to state a claim on which relief may be granted,

it must dismiss the case.  28 U.S.C. § 1915(e)(2).  "[I]n order to succeed on a motion to proceed IFP,

the movant must show a financial inability to pay the required filing fees, as well as the existence

of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the

action."  Lister, 408 F.3d at 1312.  "Financial inability" is not expressly defined by the statute, but

the Supreme Court has interpreted this language to require that the affidavit show "that one cannot

because of his poverty pay or give security for the costs . . . and still be able to provide himself and

dependents with the necessities of life."  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331,

339 (1948) (internal quotations omitted).  "[P]roceeding [in forma pauperis] in a civil case is a

privilege, not a right—fundamental or otherwise."  White v. Colorado, 157 F.3d 1226, 1233 (10th

Cir. 1998) (quoting Rivera v. Allin, 144 F.3d 719, 724 (11th Cir. 1998)).

### I.

Plaintiff has submitted a motion for leave to proceed in forma pauperis, using the Court's pro

se form, including a supporting affidavit.  Dkt. # 2.  Therein, plaintiff attests that he is not currently

employed, receives no monthly pay, was previously employed on December 21 of an unspecified

year, has $0 in any bank account or financial institution, lists no assets owned, and states that he pays

$0 in total monthly expenses. Id. In sum, plaintiff offers the Court no insight into his financial situation, leaving it unable to determine whether plaintiff can pay the costs necessary file his case "and still be able to provide himself and dependents with the necessities of life." Adkins, 335 U.S. at 339. The Court notes that plaintiff has been made aware of the requirements necessary for seeking leave to proceed in forma pauperis on multiple occasions. See, e.g., Giannini v. U.S. Gov't, No. 26-CV-248-GKF-CDL (N.D. Okla. May 4, 2026), Dkt. # 4; Giannini v. U.S. Gov't, No. 25-CV-611-JDR-CDL (N.D. Okla. Dec. 2, 2025), Dkt. # 10; id., Dkt. # 13; id., Dkt. # 15.[1] Plaintiff has, in this case, complied with the local rules, in that he has submitted his application using the proper form, but plaintiff has failed to offer sufficient information for the Court to reach a conclusion as to his financial ability or inability to pay his filing fees. Because plaintiff's application is defective in that it lacks sufficient information for the Court to determine whether plaintiff is able to pay his filing fees, it is denied.

Even if plaintiff had submitted sufficient information on which the Court could reach a conclusion as to plaintiff's financial situation, plaintiff's application to proceed in forma pauperis would be subject to denial for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that "fail[s] to state a claim upon which relief may be granted." It is the plaintiff's burden to plead sufficient factual allegations "to state a claim to relief that is plausible on its face," meaning

---

[1] The Court also notes that plaintiff has now filed the same complaint, containing the same claims against the same parties, three times, changing only the spacing of the lines in his complaint. See Giannini v. U.S. Government, No. 25-CV-611-JDR-CDL (N.D. Okla. Nov. 11, 2025), Dkt. # 1; Giannini v. U.S. Government, No. 26-CV-258-GKF-CDL (N.D. Okla. Apr. 30, 2026), Dkt. # 1; Giannini v. U.S. Government, No. 26-CV-312-CVE-JFJ (N.D. Okla. May 26, 2026), Dkt. # 1.

the factual allegations are "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v Twombly, 550 U.S. 544, 570, 555 (2007).  Plaintiff has an obligation "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; "a formulaic recitation of a cause of action's elements will not do." Id. at 555.  When reaching its determination for a motion to dismiss for failure to state a claim, a court must accept as true all well-pleaded allegations of the complaint, even if doubtful in fact, and all allegations must be construed in the light most favorable to the claimant. Id. at 555; Alvarado v. KOB-TV, LLC, 593 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).  This is especially true in the case of a claimant who is proceeding pro se.  A court must construe a pro se litigants' pleadings liberally, holding them to a "less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the fact that a claimant is proceeding pro se does not relieve him of the obligation to comply with the fundamental pleading requirements. Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th. Cir. 1994).  In interpreting a pro se litigant's pleadings, is not "the proper function of the district court to assume the role of advocate for the pro se litigant." Hall, 935 F.2d at 1110.

Plaintiff's complaint contains four causes of action against the " U.S. Government," "Department of Justice," and "Federal Bureau of Investigations." Dkt. # 1.  Plaintiff's grievances seem to stem from a FOIA request he submitted to the Federal Bureau of Investigation ("FBI").  In September 2025, plaintiff submitted a FOIA request seeking records related to the FBI's employment of individuals "affiliated [with] the Socialist Equality Party," whom he states were employed to "write articles for the World Wide Socialist Website." Id. at 1.  He also sought information as to the FBI's employment of people associated with "the Democratic Socialist of America, the Party for

Liberation and Socialism, and so-called Sunrise Movement." Id. at 1-2, 3. Plaintiff alleges that after submitting his FOIA request the FBI issued a response, confirming receipt of the request and invoking "an exception for the non-disclosure of personal information related to individuals." Id. As a result of this response, plaintiff now seeks to bring four causes of action: one claim under FOIA for the FBI's failure to respond within thirty working days after receiving his request, one claim under FOIA for failing to conduct an adequate search, one claim under FOIA for wrongfully withholding records, and one claim for a violation of Article I, Section 9, Clause 7 of the U.S. Constitution for failing to "publish statements and accounts of all public money's receipts and expenditure." Id. at 3-4.

"[FOIA] vests jurisdiction in federal district courts to enjoin an 'agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.'" Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 139 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). An important prerequisite to seeking relief in federal court on the basis that a FOIA request was denied is that a party must exhaust all administrative remedies available under FOIA and must allege so in his complaint. See Roberts v. Paulson, 263 F. App'x 745, 747-48 (10th Cir. 2008) (citing Taylor v. Appleton, 30 F.3d 1365, 1367-68 (11th Cir. 1994))[2]; Hull v. Internal Rev. Serv., 656 F.3d 1174, 1183 (10th Cir. 2011). As plaintiff points out in his complaint, a person who makes a request for agency records "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit," of twenty working days. 5 U.S.C. § 552 (a)(6)(C)(i), (a)(6)(A)(ii); see also Dkt. # 1, at

---

[2] Unpublished decisions are not precedential, but they may be cited for their persuasive value. See FED. R. APP. 32.1; 10TH CIR. R. 32.1.

3. To begin with, plaintiff alleges that he received a response from the FBI, in which it notified him that it was invoking an exception to the FOIA, that it would not disclose "personal information related to individuals." Dkt. # 1, at 3. Plaintiff asserts that "no personal information is requested"; however, plaintiff states that he is seeking employment records related to individuals employed by specific organizations. Id. at 3. Based on plaintiff's allegation that the FBI timely responded to his FOIA request, albeit not to his liking, plaintiff has failed to allege that he has exhausted his administrative remedies. In Hull, the Tenth Circuit clarified that "exhaustion under FOIA is a prudential consideration rather than a jurisdictional prerequisite," since the statute itself does not unequivocally make the exhaustion requisite jurisdictional. 656 F.3d at 1182. Exhaustion remains, however, "a hurdle that FOIA plaintiffs must generally clear in order to obtain relief through the courts." Id. at 1183. To the extent that plaintiff must allege that he has exhausted his administrative remedies in order to state a viable FOIA claim, plaintiff's complaint is short of clearing this hurdle and therefore fails to state a claim upon which relief may be granted with respect to his three counts of violations of FOIA arising from the FBI's response. For these reasons, plaintiff fails to state a claim upon which relief may be granted, and therefore his application to proceed in forma pauperis is subject to denial.

**II.**

Even if plaintiff had alleged that he had met the minimum pleading standard for exhaustion under FOIA, plaintiff's complaint contains further deficiencies that leave the court unable to exercise subject-matter jurisdiction over his case. Federal courts are courts of limited jurisdiction and lack the power to hear any case that is beyond their subject-matter jurisdiction. Merida Delgado v. Gonzalez, 428 F.3d 916, 919 (10th Cir. 2005); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83,

89 (1998) (defining federal subject-matter jurisdiction as "the courts' statutory or constitutional power to adjudicate the case").  The party invoking federal jurisdiction bears the burden of "alleg[ing] facts demonstrating the appropriateness of invoking judicial resolution of the dispute." New Mexicans for Bill Richardson v. Gonzalez, 64 F.3d 1495, 1499 (10th Cir. 1995) (citing Renne v. Geary, 501 U.S. 312, 317 (1991)); McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 182 (1936).  Even if a party has not raised the issue of jurisdiction, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists."  Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).  A court may raise the issue of subject-matter jurisdiction sua sponte and at any stage of litigation.  1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006); Tafoya v. U.S. Dep't of Just., 748 F.2d 1389, 1390 (10th Cir. 1984) ("Insofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings and the court is not bound by the acts or pleadings of the parties.").

Federal jurisdiction for a FOIA claim "is dependent on showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" U.S. Dept' of Just. v. Tax Analysts, 492 U.S. 136, 142 (1989) (quoting Kissinger, 445 U.S. at 150).  Unless all three of these criteria are met, a district court lacks subject-matter jurisdiction over the case and is unable to force a federal agency to comply with FOIA's disclosure requirements.  See 5 U.S.C. § 552.  Plaintiff alleges that he submitted a FOIA request to the FBI and that it responded, "invoking an exception for the  non-disclosure of personal information related to information." Dkt. # 1, at 3.  Plaintiff's complaint does not contain any allegation that can be interpreted as a showing that the FBI's response amounts to an improper withholding of agency records.  Plaintiff's first count, that defendants failed to timely respond to his

FOIA request, is controverted by plaintiff's own statement of facts, in which he states that the FBI responded to his request.  Id.  Plaintiff's second count, that defendants failed to conduct an adequate search, is supported by nothing more than a recitation of the elements of the claim, that defendants "violated their obligation under FOIA by failing to make a reasonable effort to search for records responsive to plaintiff's request," which is precisely what Twombly and its progeny disallow.  Id. at 4; see also Twombly, 550 U.S. at 555; Ashcroft v. Iqbal, 556 U.S. 662 (2009) ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.").  Plaintiff's third count, that defendants wrongfully withheld records, again suffers from the same infirmities as the previous two, in that he simply recites the elements of the cause of action without any supportive factual allegations.  Id. at 4.  In the absence of the minimum required showing for each element of a FOIA claim, the Court is left with no choice but to dismiss plaintiff's claims under FOIA for lack of subject-matter jurisdiction.

Plaintiff's fourth cause of action, which arises under the Appropriations Clause, U.S. Const. art. I, § 9, cl. 7, presents a slightly different problem.  Id.  Plaintiff states that he has a legal right to records responsive to his FOIA request on the basis that defendants "failed to publish the statements and accounts of all public money's receipts and expenditures," as well as its refusal to produce his requested records.  Id.  The "straightforward and explicit command of the Appropriations Clause" has been read to "mean simply that no money can be paid out of the Treasury unless it has been appropriated by an act of Congress." Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 424 (1990) (quoting Cincinnati Soap Co. v. United States, 301 U.S. 308, 321 (1937)).  The clause's purpose "is to assure that public funds will be spent according to the letter of the difficult judgments reached by

Congress as to the common good and not according to the individual favor of Government agents or the individual pleas of litigants." Id. at 428. While the difficult judgments reached by congress must apply to a good that is common, the injury resultant from a violation of that clause that can create standing on which a litigant may sue must be quite the opposite. To challenge governmental action in this way, the proponent must show that he has suffered, or is in danger of suffering, a concrete and particularized injury to his legally protected interests. Spokeo, Inc. v. Robbins, 578 U.S. 330, 339 (2016) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). "[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." Lujan, 504 U.S. at 573-74. Plaintiff fails to allege that he has suffered any injury as a result of the alleged violation of this constitutional provision, and he further fails to allege that the injury is in any way personal or individual to plaintiff. Plaintiff neglects to offer any nexus between the alleged constitutional violation and his alleged "legal right" to obtain records as a result of that violation. Plaintiff is not constitutionally permitted to "seek to employ a federal court as a forum in which to air his generalized grievances about the conduct of government." Flast v. Cohen, 392 U.S. 83, 106 (1968). Even if plaintiff had sufficiently alleged a substantive claim for a violation of Article 1, Section 9, Clause 7 of the U.S. Constitution, plaintiff has failed to allege that he has standing to bring that claim. The Court must therefore dismiss plaintiff's claim as to the FBI's failure to publish a statement and account as to his FOIA request.

### III.

Having reviewed plaintiff's application to proceed in forma pauperis, the Court is unable to

discern what plaintiff's financial situation is and therefore cannot conclude that he has demonstrated a financial inability to pay his filing fees.  The Court finds his application defective and therefore denies it for lack of demonstrated financial need.  In the alternate, the Court denies plaintiff's application in the ground that, having reviewed his complaint, plaintiff fails to state a claim upon which relief may be granted.

Moreover, construing plaintiff's complaint as liberally as the law requires, the Court finds that plaintiff has failed to show that the Court has subject-matter jurisdiction over his clams.  Plaintiff's FOIA claims are merely threadbare recitals of law that do not meet the minimum pleading requirements of showing that each element of the claim is met.  With respect to plaintiff's constitutional claim, he neglects to allege what injury he has suffered as a result of the alleged violation, nor that the injury is concrete and particularized to him individually.  For these reasons, the Court cannot exercise jurisdiction over plaintiff's claims.  Despite plaintiff's status as a pro se litigant, the Court cannot permit plaintiff's case to proceed in the absence of subject-matter jurisdiction.  The Court must therefore dismiss plaintiff's complaint.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 3) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** for lack of subject-matter jurisdiction.  A separate judgment of dismissal is entered herewith.

**DATED** this 4th day of June, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE